UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RUCKUS WIRELESS, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-00186-SI<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY**<br><br>Re: Dkt. No. 84 |
| 　　v.<br><br>NETGEAR, INC.<br><br>　　　　Defendant. | Case No. 16-cv-00624-SI<br>Re: Dkt. No. 84 |
| 　　v.<br><br>FORTINET, INC,<br><br>　　　　Defendant. | Case No. 16-cv-00897-SI<br>Re: Dkt No. 62 |
| 　　v.<br><br>JUNIPER NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-00558-SI<br>Re: Dkt. No. 67 |

Now before the Court are Defendants' joint motions to stay this proceeding. Dkt. No. 84.[1]

---

[1] Citations to the docket refer to case number 16-cv-186 unless otherwise noted. Pinpoint citations are to the ECF-generated page numbers at the top of a document. Defendants have filed separate motions in each of the above-captioned related cases. *See* Dkt. No. 84, *Chrimar Sys., Inc. v. NETGEAR*, No. 16-624 (N.D. Cal. filed Feb. 5, 2016); Dkt. No. 62 *Chrimar Sys., Inc. v. Fortinet, Inc.*, No. 16-897 (N.D. Cal. filed Feb. 25, 2016); Dkt. No. 67, *Chrimar Sys., Inc. v. Juniper Networks, Inc.*, No. 16-558 (N.D. Cal. filed Feb. 2, 2016). These motions are substantively identical and all parties have presented similar evidence.

Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS** Defendants' motions to stay.

## BACKGROUND

### I.   Patent Litigation

Plaintiffs Chrimar Systems, Inc. and Chrimar Holding Company LLC (collectively, "Chrimar") originally filed these patent infringement actions against Defendants Fortinet, Inc. ("Fortinet"), Juniper Networks, Inc. ("Juniper"), Netgear, Inc. ("Netgear"), and Ruckus Wireless, Inc. ("Ruckus") in the Eastern District of Texas. *See* Dkt. No. 17, *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 15-618 (E.D. Tex. filed July 1, 2015). The Eastern District of Texas coordinated these four actions with several others under one lead case in that district. *Id.* Ruckus, Juniper, Netgear, and Fortinet each filed motions to transfer venue to the Northern District of California, which the Texas court granted. *See* Dkt. Nos. 109, 231, 246, 284, *Chrimar Sys., Inc.*, No. 15-618 (E.D. Tex.). After those four cases were transferred to the Northern District of California, this Court issued an order relating the cases. Dkt. No. 82.

These cases involve Defendants' alleged infringement of four Chrimar patents used in industry standard Power-over-Ethernet technology: U.S. Patent No. 8,155,012 (the "'012 patent"), U.S. Patent No. 8,942,107 (the "'107 patent"), U.S. Patent No. 8,902,760 (the "'760 patent") and U.S. Patent No. 9,019,838 (the "'838 patent" and, together with the '012 patent, the '107 patent, and the '760 patent, the "Patents-in-Suit"). *See* Pls.' Second Am. Compl. ("SAC") (Dkt. No. 83) ¶¶ 9-18. The Patents-in-Suit are involved in parallel infringement lawsuits against various defendants in Texas, Michigan, and California. *See* Anderson Decl. (Dkt. No. 84-1) ¶¶ 5-10; Mot. (Dkt. No. 84) at 8-9. Two of the remaining multi-defendant suits in Texas are scheduled to go to trial in the next four months; one begins on October 3, 2016 and the other on January 2, 2017. Anderson Decl. Ex. D (Dkt. No. 84-5) at 4; *id.* Ex. G (Dkt. No. 84-8) at 6.

Since transfer to the Northern District of California in early 2016, the parties have started the claim construction process. The parties filed a joint claim construction and pre-hearing

2

1 statement on September 2, 2016, Dkt. No. 88, and have agreed to complete claim construction
2 discovery on or before October 20, 2016. *See* Dkt. No. 95. The claim construction hearing is
3 scheduled for December 20, 2016. Dkt. No. 68. The Court has not yet set deadlines for close of
4 fact discovery, close of expert discovery, or for dispositive motions. *See id.* The Court has not set
5 a trial date. *See id.*

## II. USPTO Review

Patent office filings challenging the validity of the Patents-in-Suit began in early 2016. Currently, the Patent Trial and Appeal Board ("PTAB") lists 14 *inter partes* review ("IPR") petitions on file regarding the Patents-in-Suit.[2] On August 10, 2016, the PTAB instituted three of these IPRs—filed by unrelated third parties—on the '107 Patent, the '760 Patent, and the '838 Patent. Anderson Decl. Exs. K, L, M (Dkt. Nos. 84-12, 84-13, 84-14). The USPTO granted a request for *ex parte* reexamination of the '012 Patent on June 21, 2016. Anderson Decl. (Dkt. No. 84-1) ¶ 11, Ex. J (Dkt. No. 84-11). None of the Defendants are named as real parties in interest to the instituted IPRs or pending *ex parte* reexamination.

Defendant Juniper filed IPR petitions challenging all four Patents-in-Suit on July 8, 2016, exactly one year after Chrimar served the complaint. *See* Return of Service (Dkt. No. 8); *Juniper Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01399 (P.T.A.B. filed July 8, 2016) ('760 Patent); *Juniper Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01389 (P.T.A.B. filed July 8, 2016) ('012 Patent); *Juniper Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01391 (P.T.A.B. filed July 8, 2016) ('107 Patent); *Juniper Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01397 (P.T.A.B. filed July 8, 2016) ('838 Patent). The parties expect the PTAB to reach an institution decision on Juniper's IPR petitions in January, 2017. *See* Mot. (Dkt. No. 84) at 10; Opp'n (Dkt.

---

[2] The parties reference 11 IPR petitions in their briefs (three on the '012 Patent, two on the '107 Patent, two on the '760 Patent, and four on the '838 Patent), but the Court notes that Aerohive Networks, Inc. filed petitions on the '107 Patent, the '838 Patent, and the '760 Patent on September 8, 2016. *See* Mot. (Dkt. No. 84) at 10; Opp'n (Dkt. No. 89) at 3; *Aerohive Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01757 (P.T.A.B. filed September 8, 2016); *Aerohive Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01758 (P.T.A.B. filed September 8, 2016); *Aerohive Networks, Inc. v. Chrimar Sys., Inc.*, No. IPR2016-01759 (P.T.A.B. filed September 8, 2016).

3

No. 89) at 4.

## LEGAL STANDARD

### I. *Inter Partes* Review

IPR is a limited patent reexamination procedure that became available in September 2012 as part of the America Invents Act (the "AIA"), codified under 35 U.S.C. § 311-319. *Evolutionary Intelligence LLC v. Yelp Inc.* ("*Yelp*"), No. 13-3587, 2013 U.S. Dist. LEXIS 178547, at *5-6 (N.D. Cal. Dec. 18, 2013); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-1356, 2014 U.S. Dist. LEXIS 4095, at *7-8 (N.D. Cal. Jan. 13, 2014). IPR is intended to "offer[] 'a timely, cost-effective alternative to litigation,' designed to produce 'a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.'" *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 13-04160, 2014 U.S. Dist. LEXIS 75907, at *4 (W.D. Mo. June 4, 2014) (quoting *Changes to Implement Inter Partes Review Proceedings*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012)); *PersonalWeb Techs.*, 2014 U.S. Dist. LEXIS 4095, at *9. The IPR timeline is faster than prior reexamination procedures. *Yelp*, 2013 U.S. Dist. LEXIS 178547, at *6; *Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-00457, 2014 WL 1350813, at *2 (N.D. Cal. Apr. 3, 2014). The patentee may file an optional response within three months of notice of the filing of an IPR petition, and then the PTAB has three months to decide whether to institute IPR. 35 U.S.C. §§ 313, 314; 37 C.F.R. § 42.107. The PTAB must complete the IPR within twelve months of its institution, unless there is good cause for an extension of no more than six months. 35 U.S.C. § 316(a)(11). Thus, the IPR process from filing to completion by the PTAB should take no more than 18-24 months. Parties may appeal the PTAB's final written decision to the Federal Circuit. 35 U.S.C. §§ 319, 142.

### II. Standard for Granting a Stay

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849

1    F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681,
2    706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its
3    power to control its own docket."). Courts in this district often grant stays pending the IPR
4    process in light of the "liberal policy in favor of granting motions to stay proceedings pending the
5    outcome of USPTO reexamination or reissuance proceedings." *Yelp*, 2013 U.S. Dist. LEXIS
6    178547, at *13 (citation omitted); *see also Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. 12-4958,
7    2013 U.S. Dist. LEXIS 118723, at *5-7 (N.D. Cal. Aug. 16, 2013) (expressing skepticism
8    concerning stays for the old reexamination procedure but granting a stay pending IPR); *Brixham
9    Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-00616, 2014 U.S. Dist. LEXIS 58770, at *6 (N.D.
10   Cal. Apr. 28, 2014) ("the potential delay associated with *inter partes* review is not significant in
11   comparison to the post-grant review procedures that existed prior to the enactment of the America
12   Invents Act"). Nevertheless, "[t]here is no per se rule that patent cases should be stayed pending
13   reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." *ESCO
14   Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, at *5 (N.D. Cal. Sept. 28,
15   2009). "A court is under no obligation to delay its own proceedings by yielding to ongoing PTO
16   patent reexaminations, regardless of their relevancy to infringement claims which the court must
17   analyze." *Id.*; *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001)
18   ("The court is not required to stay judicial resolution in view of the reexaminations.").

19   In determining whether to stay a case pending reexamination proceedings, courts consider:
20   (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will
21   simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice
22   or present a clear tactical disadvantage to the non-moving party. *Telemac Corp. v. Teledigital,
23   Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006); *accord Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
24   2013 U.S. Dist. LEXIS 118723, at *11.

**DISCUSSION**

27   Defendants ask the Court to stay the cases against them "until the conclusion of all IPRs
28   relating to the asserted patents, including any related appeals." Mot. (Dkt. No. 84) at 17; Reply

5

(Dkt. No. 91) at 7. Plaintiffs argue that the three factors guiding the Court's decision—the stage of the litigation, whether a stay would simplify the case, and whether a stay would cause undue prejudice—favor denial of Defendants' motion. Opp'n (Dkt. No. 89) at 6-10. The Court will address each of the three factors in turn.

## I.    Stage of Litigation

The first matter for the Court's consideration in determining whether to grant a stay pending *inter partes* review is the stage of the case. Defendants argue that this case is substantively just beginning: the parties have conducted only limited discovery thus far and the Court has not set deadlines beyond claim construction. Mot. (Dkt. No. 84) at 11-13; Reply (Dkt. No. 91) at 2-3. Chrimar counters that this case began over a year ago in the Eastern District of Texas, that Chrimar served its invalidity contentions on Defendants approximately ten months ago, and that the parties have engaged in discovery and initiated the claim construction process. Opp'n (Dkt. No. 89) at 7. Chrimar further argues that this case has progressed more than it appears because of its significant overlap with parallel matters approaching trial. *Id.* at 8.

In weighing this factor, courts generally look to whether "substantial work still remains for [a] case to be ready for trial." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (granting motion to stay after claim construction hearing). Here, the parties are nearly three months away from the claim construction hearing, have conducted limited discovery and have only recently filed a joint claim construction statement. The Court has not set deadlines for fact or expert discovery, nor has it set a trial date. *See Verinata Health Inc. v. Ariosa Diagnostics, Inc.*, No. 12-5501, 2015 WL 435457, at *2 (N.D. Cal. Feb. 2, 2015) ("The cost and expense of finishing fact and expert discovery, briefing dispositive motions, and conducting a trial is far from insignificant."). The Court acknowledges that Juniper waited until the last minute to file its IPR petitions on the Patents-in-Suit—a full year from service of process. However, the timing of Juniper's petitions does not detract from their potential benefit to the Court and to the parties in light of the current stage of this case. In addition, as Chrimar argues, these cases enjoy significant

1   overlap with several other cases pending on these same patents around the country.  Thus not all
2   substantive progress will cease, notwithstanding the say on these cases.
3       The stage of the litigation weighs in favor of staying the case.

## II.     Simplification of the Proceedings

The second factor for the Court to consider is whether the stay would simplify matters at issue before the Court.  Defendants argue that the '012 Patent reexamination and the instituted IPRs on the remainder of the Patents-in-Suit have the potential to streamline or entirely resolve this litigation through invalidation of some or all asserted claims, regardless of whether the PTAB decides to institute any of Juniper's four pending IPR petitions.  Mot. (Dkt. No. 84) at 14-16; Reply (Dkt. No. 91) at 3-5.  Chrimar argues that only invalidation of all claims on all four Patents-in-Suit would simplify this case.  Opp'n (Dkt. No. 89) at 8.  Chrimar further argues that three of the four Defendants will not be subject to statutory estoppel under the AIA, 35 U.S.C. § 315(e)(2), and that if the PTAB does not institute Juniper's IPR petitions, none of the Defendants will be subject to estoppel. Opp'n (Dkt. No. 89) at 8-9.

The Court agrees with Defendants.  "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 U.S. Dist. LEXIS 22517, at *4-5 (N.D. Cal. Jan. 13, 1995); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").  This is particularly true when a party has obtained PTO review of each of the asserted claims in the patents-in-suit. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) (the "simplification factor weighs more

strongly in favor of a stay when *all* of the litigated claims are undergoing [administrative review]. But there can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged") (*vacated on other grounds*, 780 F.3d 1134 (Fed. Cir. 2015)).

The Court is aware of four pending USPTO proceedings whose resolution may help simplify and streamline the issues in this case: (1) an *ex parte* reexamination of the '012 Patent, (2) a recently instituted IPR filed by a non-party on the '107 Patent, (3) a recently instituted IPR filed by a non-party on the '760 Patent, and (4) a recently instituted IPR filed by a non-party on the '838 Patent. The pending reexamination and IPRs cover all asserted claims of the Patents-in-Suit.

Additionally, Juniper is currently awaiting the PTAB's institution decisions on its IPR petitions, expected in January, 2017, on each of the Patents-in-Suit. As Defendants point out, the PTAB institutes a majority of IPR petitions. *See* Reply (Dkt. No. 91) at 5 (citing U.S. Patent and Trademark Office, *Patent Trial and Appeal Board Statistics* ("*PTAB Statistics*") (July 31, 2016) at 10, http://www.uspto.gov/sites/default/files/documents/2016-07-31%20PTAB.pdf). Indeed, from the beginning of 2014 through July 2016, the PTAB instituted, at least in part, nearly 70% of filed IPR petitions (including by joinder). *PTAB Statistics*, at 8. The PTAB has invalidated at least some of the instituted claims in a high percentage of IPRs under which it has reached final written decisions. *Id.* at 10 (showing, as of July 31, 2016, invalidation of all instituted claims in approximately 70% of final written decisions to date; invalidation of some instituted claims in 85% of decisions); Reply (Dkt. No. 91) at 5. While Chrimar correctly points out that IPR statutory estoppel is unlikely to apply to at least three of the four Defendants, the USPTO review processes currently underway still have the potential of simplifying this litigation significantly.

The Court notes that two multi-defendant actions in Texas, involving the same four patents, are scheduled to go to trial in the next four months. Monitoring the trial court resolution of the Texas cases could also serve to simplify this case.

8

Accordingly, this factor weighs in favor of granting a stay.

### III.  Undue Prejudice

The last factor for the Court's consideration is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  Defendants argue that Chrimar, a non-practicing entity, will not suffer undue prejudice from a stay of this case because the parties are not direct competitors and Chrimar could be fairly compensated by an eventual damage award. Mot. (Dkt. No. 84) at 16-17; Reply (Dkt. No. 91) at 5-6.  Defendants point out that Chrimar has not sought an injunction in this case.  *Id.*  Defendants further argue that delaying the case, on its own, does not amount to undue prejudice.  *Id.*  Chrimar concedes that the parties are not direct competitors, but argues that a stay would make it more difficult or even impossible to obtain relevant discovery.  Opp'n (Dkt. No. 89) at 9.

"Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages."  *Avago Techs. Fiber IP (Sing.) Pte Ltd. v. Iptronics Inc.*, No. 10-2863, 2011 U.S. Dist. LEXIS 82665, at *16 (N.D. Cal. Jul. 28, 2011).  "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."  *PersonalWeb Technologies, LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014); *see also Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. 09-1635, 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) ("delay inherent in the reexamination process does not constitute, by itself, undue prejudice") (citations omitted).

Chrimar and Defendants are not competitors in the market for network equipment. Chrimar alleges that Defendants' products infringe on its industry standard Power-over-Ethernet patents and seeks damages, not an injunction.  *See* SAC (Dkt. No. 83) ¶¶ 39-48, Prayer.  Staying the case in the interest of conserving resources and streamlining litigation would not irreparably harm Chrimar, as damages can adequately compensate it later on.  In fact, given the number of overlapping proceedings both in federal district courts and before the PTAB, Chrimar may benefit

9

1  from a short stay of this case.

2  Chrimar points out that two defendants in the related multi-defendant Texas action made a
3  similar motion to stay that case, which the Texas court denied. Opp'n (Dkt. No. 89) at 9-10
4  (citing *Chrimar Sys., Inc. v. Adtran Inc.* ("*Adtran*"), No. 15-618, 2016 WL 4080802 (E.D. Tex.
5  Aug. 1, 2016)). Chrimar is correct, but the Court is not persuaded. The defendants in *Adtran*
6  brought their motion under different circumstances. First, ten defendants did not join in the
7  motion; the court found that staying the case as to only two defendants would effectively bifurcate
8  the action and waste additional resources. *Adtran*, 2016 WL 4080802, at *2. Second, the court's
9  decision predated the institution of any IPRs on the patents-in-suit. *Id.* at *3. Finally, the court
10 heard the motion after completion of the claim construction process, two weeks before the close of
11 fact discovery, having already resolved numerous dispositive and procedural motions. *Id.* None
12 of these factors is present here, where the prejudice claimed by Chrimar "applies equally to any
13 case where reexamination is sought." *Esco Corp.*, 2009 WL 30878463, at *3.

14 On balance, this factor weighs in favor of granting Defendants' motion.

## CONCLUSION

17 This case is not substantively far along. Staying this matter while USPTO review
18 processes progress could help to simplify the issues and streamline the litigation. Because a stay
19 would not unduly prejudice Chrimar, the Court concludes that a stay is appropriate.

20 However, the Court is cognizant of the practical difficulties posed by a prolonged stay, and
21 declines to stay this case pending exhaustion of all related appeals.

22 Accordingly, for the foregoing reasons and for good cause shown, the Court hereby
23 **STAYS** these actions in their entirety, until the PTAB reaches institution decisions with respect to
24 Juniper's four pending IPR petitions. The parties shall provide the Court with a written update on
25 the status of *all* IPR and reexamination proceedings within ten days of the PTAB's institution
26 decisions on Defendant Juniper's four IPR petitions, at which time the Court may either lift or
27 continue the stay.

28 This order resolves Dkt. No. 84 in Case No. 16-cv-00186-SI; Dkt. No. 84 in Case No. 16-

1  cv-00624-SI; Dkt. No. 62 in Case No. 16-cv-00897-SI; and Dkt. No. 67 in Case No. 16-cv-00558-
2  SI.

4  **IT IS SO ORDERED**.

5  Dated:   September 26, 2016

   _____
   SUSAN ILLSTON
   United States District Judge