UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUCKUS WIRELESS, INC.,<br><br>    Defendant. | Case No. 16-cv-00186-SI   (Dkt. No. 131)<br>And related cases:<br>3:16-cv-00558-SI (Dkt. No. 109)<br>3:16-cv-00624-SI (Dkt. No. 132)<br>3:16-cv-00897-SI (Dkt. No. 102)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Before the Court is defendants' motion to strike, or in the alternative, to dismiss Count I of plaintiff Chrimar's Third Amended Complaint ("TAC"). Dkt. No. 129. Having reviewed the parties' submissions, the Court hereby GRANTS the motion to dismiss.

## BACKGROUND

Plaintiff Chrimar Systems Inc. and Chrimar Holding Company LLC (collectively, "Chrimar") filed these patent infringement actions against Juniper Networks Inc. ("Juniper"), Ruckus Wireless Inc. ("Ruckus"), Netgear Inc. ("Netgear"), and Fortinet Inc. ("Fortinet") (collectively, "defendants") on July 1, 2015, in the Eastern District of Texas. See Dkt. No. 1 (Complaint). The complaint alleges infringement of four patents held by Chrimar: U.S. Patent Nos. 8,115,012 ("the '012 patent"), 8,942,107 ("the '107 patent"), 8,902,760 ("the '760 patent"), and 9,019,838 ("the '838 patent"). *Id.* The actions were transferred from Texas to the Northern District of California in December 2015. Dkt. No. 89. On July 8, 2016, defendant Juniper filed petitions for Inter Partes Review ("IPR") of the four patents and was later joined by defendants Ruckus and Netgear. Dkt. No. 126 at 2. For the '107 patent, defendant Juniper requested review of claims 1, 5,

31, 43, 70, 72, 74, 75, 83, 103 (across 1, 5, 31, 43, 70, 72, and 75), 104, 111, 123, and 125 (across 104, 111, and 123). Dkt. No. 132-3. On September 26, 2016, this Court stayed the patent infringement actions, until the Patent Trial and Appeal Board ("PTAB") reached final written decisions with respect to the four IPR petitions. Dkt. No. 96 at 10. Between December 2016 and January 2017, the PTAB instituted an IPR for each asserted patent, including the '107 patent. Dkt. No. 132-6.

In IPR, defendants Juniper, Ruckus, and Netgear successfully asserted the challenged claims of the '107 patent were obvious[1] over prior art Hunter, Bulan, Bloch, Huizinga, and IEEE 802.3. Dkt. No. 132-8 at 15, 49. Claim 103 of the '107 patent is a multiple dependent claim and recites "wherein the piece of Ethernet terminal equipment is a piece of powered-off Ethernet terminal equipment." '107 patent, at 22:13-16. The PTAB found "that the 'powered-off' limitation is shown by the combination of Hunter and Bulan." Dkt. No. 132-8 at 16. The PTAB stated that "claims 1, 5, 31, 43, 70, 72, 74, 75, 83, 103, 104, 111, 123, and 125 of the '107 patent would have been obvious over Hunter and Bulan." *Id*. at 48 (emphasis added). The PTAB also found that "the combination [of Bloch, Huizinga, and IEEE] and specifically Bloch discloses 'powered off' terminal equipment.'" *Id*. at 64. The PTAB ultimately "ORDERED claims 1, 5, 31, 43, 70, 72, 74, 75, 83, 103, 104, 111, 123, and 125 of the '107 patent … unpatentable." *Id*. at 84.

The PTAB reached final written decisions in the other three IPR petitions and ordered those challenged claims unpatentable as well. Dkt. No. 126 at 3. However, an ex parte reexamination was filed by a third party on the '760 patent prior to final written decision, and claims 73-100, 104-169, and 173-219 were amended and found patentable, as amended. Dkt. No. 122 at 2. The PTAB did not review the amended claims of the '760 patent that were found patentable during reexamination. *Id*. Chrimar appealed all four of the PTAB's Final Written Decisions to the U.S. Court of Appeals for the Federal Circuit, which upheld the PTAB decisions. Dkt. No. 126. Chrimar filed a petition for Writ of Certiorari in the U.S. Supreme Court challenging the Federal Circuit's

---

[1] Under 35 U.S.C. § 103 (a) a patent claim is invalid as obvious if the differences between the claimed invention and the prior art are "such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Dkt. No. 132-8 at 14.

affirmations. *Id*. On February 24, 2020, the Supreme Court denied Chrimar's petition.[2] Dkt. No. 131 at 3.

In December 2019, this Court lifted the stay on the patent infringement actions and set a case management conference for January 24, 2020. Dkt. No. 123. At the case management conference, Chrimar requested permission to add an additional claim from the '107 patent based on a new claim construction that came out of the IPR proceedings. Dkt. No. 133 at 2. On January 30, 2020, the Court issued a scheduling order permitting Chrimar to "file an Amended Complaint adding only (1) allegations relating to the ex parte reexamination certificate of the '760 patent and (2) allegations regarding the '825 patent." Dkt. No. 127 (Scheduling Order). The Court also permitted Chrimar to file corresponding amended infringement contentions. *Id*. On February 7, 2020, Chrimar filed the TAC, which included four causes of action: (1) Infringement of the '107 Patent; (2) Infringement of the '760 Patent; (3) Infringement of the '838 Patent; and (4) Infringement of the '825 Patent. Dkt. No. 129. On the same day, Chrimar sent defendants the First Amended Infringement Contentions alleging direct infringement of claim 103 (across claim 87) of the '107 patent. Dkt. No. 131-5.

On February 28, 2020, defendants filed the instant Motion to Strike, or in the alternative, to Dismiss, arguing the Court should strike the first cause of action for infringement of the '107 patent because it violates the scheduling order, or alternatively, the Court should dismiss the first cause of action because it fails to recite a plausible claim of patent infringement. Dkt. No. 131 (Motion). In the latter argument, defendants argue claim 103 of the '107 patent was invalidated without qualification, and an invalid claim cannot be infringed. *Id*. at 6. In its Opposition, Chrimar seeks permission to amend its infringement contentions to include claim 103 (across claim 87) of the '107 patent. *Id*. at 9.

---

[2] The Federal Circuit judgment of the '107 patent and the U.S. Supreme Court's Order List denying Chrimar's petition were attached to Defendant's Joint Motion to Strike, or in the alternative, to Dismiss. Dkt. Nos. 131-4, 131-8. The Court sua sponte takes judicial notice of these two documents.

3

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955.

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

**DISCUSSION**

In defendants' instant Motion, they argue the Court should dismiss the first cause of action in the TAC because it fails to state a plausible claim of patent infringement.[3] Dkt. No. 131. The first cause of action alleges infringement of the '107 patent, specifically infringement of claim 103 (across 87). Dkt Nos. 129, 131-5. Claim 103 is not a new claim in this case and was previously asserted by plaintiffs in their original complaint and infringement contentions. Dkt. No. 132-2 at 3. As part of the IPR proceedings, claim 103 was challenged by defendants as unpatentable. Dkt. No.

---

[3] Defendants make several arguments for striking claim 103 (across 87) of the '107 patent from the TAC, including the assertion that it violates the Court's Scheduling Order from January 30, 2020. Dkt. No. 131 at 5. Plaintiffs' disagree in the Opposition and, without stating so explicitly, make a motion for leave to amend to include claim 103 (across 87) of the '107 patent. Dkt. No. 132 at 9 ("Chrimar explains below why it should be permitted to amend its contentions to include claim 103 (across claim 87) of the '107 patent."). The Court does not find it appropriate to analyze plaintiffs' arguments for amendment because ultimately this Court does not agree with plaintiffs that claim 103 was partially invalidated by the PTAB. As such, granting leave to amend only to dismiss Count 1 of the TAC would be futile.

132-3 at 4, 46, 71. Defendants argue claim 103 was deemed unpatentable by the PTAB, and the decision was affirmed by the Federal Circuit. Dkt. No. 131 at 6.

In plaintiffs' Opposition, they argue the first cause of action states a plausible claim of patent infringement. Dkt. No. 132 at 11. Plaintiffs argue that claim 103 (across 87) is a different claim from the claims challenged by defendants in IPR because claim 103 was not previously asserted across claim 87. As such, plaintiffs argue claim 103 (across 87) was not invalidated by the PTAB. *Id*.

Claim 103 is a multiple dependent claim and reads as follows: The piece of Ethernet terminal equipment of any one of claims 1, 17, 18, 19, 21, 22, 31, 32, 46, 47, 67, 68, 85, and 86-89 and wherein the piece of Ethernet of terminal equipment is a piece of powered-off Ethernet terminal equipment. '107 patent, at 22:13-16.

Section 112 of the patent and trademark statute defines a multiple dependent claim as referring to "more than one claim previously set forth [that specifies] a further limitation of the subject matter claimed. A multiple dependent claim shall be construed to incorporate by reference all the limitations of the particular claim in relation to which it is being considered." 35 U.S.C. § 112 ¶ 5. In plaintiffs' original infringement contentions, they argue defendants infringed claim 103 across claims 1, 5, 23, 31, 43, 53, 58, 70, 72, and 75 of the '107 patent.[4] Dkt. No. 132-2 at 3. In the Opposition, plaintiffs argue because defendants only challenged those claims in IPR, claim 103 across claim 87 was never reviewed by the PTAB. Dkt. No. 132 at 11. Defendants argue claim 103 was invalidated in its entirety – not just in relation to the named dependent claims. Dkt. No. 133 at 6. The Court agrees with defendants.

In its Final Written Decision, the PTAB considered whether claim 103 is obvious over

---

[4] Chrimar argues they would have asserted claim 103 across claim 87 of the '107 patent in the original infringement contentions had they anticipated the PTAB's construction of the term "powered-off." Dkt. No. 132 at 7. Specifically, the PTAB interpreted "powered-off" to mean "without operating power" with the caveat that power may be applied to some components and the device may still be off. Dkt. No. 132-8 at 13. This was hardly a surprise to Chrimar, as this was the same definition they advocated for in a parallel district court case. See Dkt. No. 133-2 at 19-20. In fact, the PTAB relied on Chrimar's previous construction of "powered-off" in the '760 patent IPR proceeding. See Dkt. No. 133-4 at 36 ("Our determination is consistent with Patent Owner's position in a related district court case"). As such, the Court finds Chrimar could not have been caught off guard by the PTAB's construction of "powered-off".

5

Hunter, Bulan, Bloch, Huizinga, and IEEE 802.3. Dkt. No. 132-8 at 31, 55. The PTAB found the limitation of claim 103 is shown by a combination of those prior arts. *Id*. at 34, 56. The PTAB found "that claims 1, 5, 31, 43, 70, 72, 74, 75, 83, 103, 104, 111, 123, and 125 of the '107 patent would have been obvious over Hunter and Bulan." *Id*. at 48 (emphasis added). The PTAB made a similar finding combining Bloch, Huizinga, and IEEE 802.5. The PTAB concluded "that claims 1, 5, 31, 43, 70, 72, 74, 75, 83, 103, 104, 111, 123, and 125 of the '107 patent would have been obvious over Bloch, Huizinga, and IEEE 802.3." *Id*. at 64 (emphasis added). Ultimately, the PTAB "ORDERED claims 1, 5, 31, 43, 70, 72, 74, 75, 83, 103, 104, 111, 123, and 125 of the '107 patent … unpatentable." *Id*. at 84 (emphasis added). Defendants argue "the PTAB's Final Written Decision did not order that claim 103 (across claims 1, 5, 23, 43, 53, 58, 72, and 75) is held unpatentable, and it did not rewrite the claims to strike out only those dependencies. The Final Written Decision did this because the entire claim became unpatentable." Dkt. No. 133 at 6. The Court agrees.

As such, the Court GRANTS defendants' Motion to Dismiss Count I of plaintiff's TAC with prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss Count I of plaintiff's TAC for infringement of the '107 patent with prejudice.

**IT IS SO ORDERED**.

Dated: April 16, 2020

SUSAN ILLSTON
United States District Judge